## JONATHAN J. BROOME, PROSECUTOR, v. THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY.

1. The act to incorporate and regulate telegraph companies (*Rev.*, p. 1174), and its supplement (*Rev. Sup.*, p. 1022), require such companies to apply to the legislative body of any municipality through which streets, rather than roads, are laid, and to the legislative body of which the control of these streets is given, for a designation of their route through the streets, before they can proceed to have the damages of individuals, to accrue from the construction of their lines, assessed.

2. The petition for the assessment of such damages must indicate the size of the poles to be erected and the positions in which they will be placed.

On *certiorari*.

Argued at February Term, 1887, before Justices KNAPP and DIXON.

For the prosecutor in *certiorari*, *Wallis & Edwards*.

For the defendant in *certiorari*, *J. McC. Morrow* and *Mr. Egleston*, of New York.

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up the appointment of commissioners to appraise the damages to be sustained by the prosecutor because of the erection of telegraph poles in front of his lands along Park avenue, in the township of East Orange. The prosecutor insists that the petitioning company has no right to put up its poles in the streets of East Orange until it has obtained from the township committee a designation of the streets in which the poles shall be erected, pursuant to "An act to incorporate and regulate telegraph companies," approved April 9th, 1875 (*Rev.*, p. 1174), and its supplement, approved March 11th, 1880. *Rev. Sup.*, p. 1022. The company, on the other hand, insists that the township of East

Orange is not " an incorporated city or town," within the meaning of those statutes.

The import of the word " town " in our legislation is so variable that its signification in any particular enactment must largely depend upon the occasion and purpose of the law. *Pell* v. *Newark*, 11 *Vroom* 550 ; *Banta* v. *Richards*, 13 *Vroom* 497.

In the statutes now under consideration the legislature seems to have had in mind municipal corporations through which streets, rather .than roads, were laid, and to the legislative bodies of which control of these streets was given, with reference to the placing in them of such erections as telegraph poles.   In all cases of this sort it was proper that the company desiring to use the streets should ask the municipal authorities to designate the streets in which their poles might be placed and to regulate the manner of their erection.   If the highways were not streets, but only country roads, or if the legislative body of the municipality had not been invested with legal control over such erections, then the same reason for requiring the application did not exist.

We think it was the purpose of these laws to make such an application necessary wherever there was this reason for so doing, and that the word " town " should receive an interpretation broad enough to include all such places, whether they are formally styled towns, townships, boroughs or villages.

That the reason exists in the township of East Orange is clear.   It is among the large municipalities of the state ; its highways are streets, not country roads, and its township committee is invested with full power to prevent or regulate the erection or maintenance of anything in the streets which may interfere with public travel.   *Pamph. L.* 1873, *p.* 324, § 6. We think the company must obtain a designation of their route under the said act of 1880 before they can proceed with their power of condemnation against the prosecutor.

We also consider the petition in this case too indefinite.   The act of 1880 provides that a description of the premises, in which the privilege of erecting poles is to be exercised, should

be set forth in the petition, and therefore this should be done with such particularity as will apprise the commissioners of the burden which they are to estimate, and the land-owner of the burden to which he must submit. In the streets of a town the position and size of telegraph poles are very important for these inquiries. The present petition conveys no information touching these points save what may be gathered from a guess as to the location of small dots placed at unmeasured intervals towards the side of Park avenue.

Let the proceedings be set aside.